MEMORANDUM OPINION

 

No. 04-11-00253-CR

 

Daniel West RENDON,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 187th
Judicial District Court, Bexar County, Texas

Trial Court No. 2010CR10513

Honorable Raymond
Angelini, Judge Presiding

 

PER CURIAM

 

Sitting:          Catherine Stone,
Chief Justice

                     Sandee
Bryan Marion, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  May 25, 2011

 

DISMISSED

 

Appellant Daniel
West Rendon pleaded nolo contendere to unauthorized use of a motor vehicle
pursuant to a plea bargain agreement.  The trial court imposed sentence and
signed a certificate stating that this “is a plea-bargain case, and the
defendant has NO right of appeal.”  See Tex. R. App. P. 25.2(a)(2).  Appellant timely filed a notice
of appeal.  The clerk’s record, which includes the plea bargain agreement and
the trial court’s Rule 25.2(a)(2) certification, has been filed.  See Tex. R. App. P. 25.2(d).  This
court must dismiss an appeal “if a certification that shows the defendant has
the right of appeal has not been made part of the record.”  Id.

The court gave
appellant notice that the appeal would be dismissed unless an amended trial
court certification showing he has the right to appeal was made part of the
appellate record within thirty days.  See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, 110
S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No.
04-03-00176-CR, 2003 WL 21508347 (Jul. 2, 2003, pet. ref’d) (not designated for
publication).  Appellant’s appointed appellate counsel filed a written
response, stating she has reviewed the record and can find no right of appeal. 
After reviewing the record and counsel’s notice, we agree that appellant does
not have a right to appeal.  See Dears v. State, 154 S.W.3d 610 (Tex.
Crim. App. 2005) (holding that court of appeals should review clerk’s record to
determine whether trial court’s certification is accurate).  We therefore
dismiss this appeal.  See Tex. R.
App. P. 25.2(d). 

 

PER
CURIAM

 

Do Not Publish